# RICHARD B. LIND

ATTORNEY AT LAW

575 LEXINGTON AVENUE

4TH FLOOR

NEW YORK, N.Y. 10022

———

TELEPHONE (212) 888-7725

E-MAIL: rlind@lindlawyer.com

WEBSITE: www.richardlindlawyer.com

August 15, 2018

***VIA ECF***

Hon. George B. Daniels
United States District Judge
U.S. Courthouse
500 Pearl Street
New York, NY  10007

Re:     **United States v. Terrell Polk**
              S1 17 Cr. 649 (GBD)

Dear Judge Daniels:

I am writing to the Court in response to a letter I recently received from the government -- which alerted the defense to potential "expert" testimony the prosecution will seek to introduce at trial. A copy of the government's Letter is annexed hereto as Exhibit A. The letter raises certain legal issues which the defense wishes to explore at the conference scheduled for tomorrow, August 16, 2018 at 10 a.m.

Rule 16(a)(1)(G) of the Rules of Criminal Procedure provides, in relevant part:

> At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial.... The summary provided under this subparagraph *must* describe the witness's opinions, *the bases and reasons for those opinions, and the witness's qualifications.*

Fed. R. Crim. P. 16(a)(1)(G)(emphasis added).

We submit that the government's Letter fails to furnish the proffered witness's bases and reasons for their opinions, and, in addition, for some of the witnesses, their qualifications. We submit these defects render the government Letter inadequate, because "[m]erely identifying the general topics about which the expert will testify is insufficient; rather, the summary must reveal the expert's actual opinions." *United States v. Valentin*, No. 3:14-cr-55 (VLB), 2016 WL 1211304, at *3 (D. Conn. Mar. 25, 2016) (quoting *United States v. Ferguson*, No.

RICHARD B. LIND

3:06-cr-137 (CFD), 2007 WL 4539646, at * 1 (D. Conn. Dec. 14, 2007)). Thus "Courts have also precluded expert testimony when the Rule 16 disclosures fail to specify the expert's bases, reasons, and sources for their opinions." *United States v. Ulbricht*, No. 14 Cr. 68 (KBF), 2015 WL 413318, at *5 (S.D.N.Y. Feb. 1, 2015), *aff'd*, 858 F.3d 71 (2d Cir. 2017); *see also United States v. Mavashev*, No. 08 CR 902 (DLI) (MDG), 2010 WL 234773, at *2 (E.D.N.Y. Jan. 14, 2010)(holding that "[a]n expert's testimony '*may* be excluded if the [proponent] has made no attempt at all to describe the bases and reasons for those opinions" in its disclosure '" ) (emphasis in original)(citation omitted).

In addition, the proffered ballistics testimony of Jonathan Fox and Salvatore LaCova should be drastically limited in scope, consistent with the decision by Judge Jed Rakoff in *United States v. Glynn*, 578 F. Supp.2d 567 (S.D.N.Y. 2008), where that Court stated:

> [B]allistics comparison lacks defining standards to a degree that exceeds most other kinds of forensic expertise. For example, whereas both a ballistics examiner and a fingerprint examiner are ultimately called upon to make a subjective judgment of whether the agreement between two pieces of evidence is "sufficient" to constitute a "match," a fingerprint examiner may not declare a match unless a pre-specified number of "points" of similarity exist between the two samples, [citing cases]…

> It follows that ballistics examination not only lacks the rigor of science but suffers from greater uncertainty than many other kinds of forensic evidence…. The problem is how to admit it into evidence without giving the jury the impression-always a risk where forensic evidence is concerned-that it has greater reliability than its imperfect methodology permits. The problem is compounded by the tendency of ballistics experts …to make assertions that their matches are certain beyond all doubt, that the error rate of their methodology is "zero," and other such pretensions. The Court therefore concluded that to allow Detective Valenti, or any other ballistics examiner, to testify that he had matched a bullet or casing to a particular gun "to a reasonable degree of ballistic certainty" would seriously mislead the jury as to the nature of the expertise involved.

> To be admissible as relevant evidence under the Federal Rules of Evidence, … [i]t is simply sufficient that the proffered evidence can "make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid.R. 401. The Court therefore determine[s], …that the *ballistics examiners* in [ ] cases would be permitted to testify only *that a firearms match was "more likely than not,"* thereby satisfying Rule 401 without overstating the capacity of the methodology to ascertain matches. This limitation will continue to apply to any ballistics testimony offered by the Government in the retrial of this case.

RICHARD B. LIND

*Id.*, 578 F. Supp.2d at 574-75 (citations and footnotes omitted; emphasis added); *accord*, *United States v. Sebbern*, No. 10 CR 87 SLT, 2012 WL 5989813, at *3 (E.D.N.Y. Nov. 30, 2012).

       Moreover, we submit the Court should restrict or preclude the potentially misleading testimony by witness Emilio Alvarado. According to the government, he is expected to testify regarding "the gun and ammunition recovered from defendants "*Polk*, []Corbett and [] Smith at the time of their arrest on August 26, 2015," -- namely, the car stop by police officers that was the subject of the recent suppression hearing. The government Letter neglects to mention that the DNA analysis performed by its own proffered DNA expert, Heather Nelson, who is cited in the government Letter, completely exonerated Terrell Polk of any contact with the gun (and presumably ammunition) recovered by the authorities at the scene of their arrest. Accordingly, the Alvarado testimony should either be totally precluded; or the jury should be informed that-- unlike Smith and Corbett, the other occupants of the car -- no Mr. Polk's DNA was *not* uncovered on the firearm.

       Thank you for the Court's consideration of this submission.

Respectfully submitted,

Richard B. Lind

cc: All Counsel (by ECF)

3

# EXHIBIT A



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 7, 2018

**BY EMAIL**
Richard Lind, Esq., Attorney for defendant Terrell Polk
Judith Vargas, Esq., Attorney for defendant Jamel Moss

    Re:     *United States v. Terrell Polk et al.*, **17 Cr. 649 (GBD)**

Dear Counsel:

Pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, the Government hereby provides the following information regarding anticipated expert witness testimony at trial.[1]

### Narcotics Testimony

**Maureen Craig** is expected to testify regarding the controlled substance analysis performed in connection with the seizure of narcotics from defendant Terrell Polk's apartment on February 3, 2017, as reflected in the lab reports, including the report produced with the control number USAO_0087. Specifically, she is expected to testify that the substance identified as cocaine base (also known as "crack cocaine") is cocaine base. Ms. Craig's curriculum vitae is enclosed herewith.

**Heather Palumbo** is expected to testify regarding the controlled substance analysis performed in connection with the sale of narcotics from defendants Jamel Moss and Kevin Corbett to an undercover officer on May 25, 2013, as reflected in the lab reports, including the enclosed report with the control numbers USAOEXP_000001-000002. Specifically, she is expected to testify that the substance identified as cocaine base (also known as "crack cocaine") is cocaine base. Ms. Palumbo's curriculum vitae will be produced shortly.

**Jaclyn Dalessio** is expected to testify regarding the controlled substance analysis performed in connection with the sale of narcotics from defendants Timothy Smith and Kevin Corbett to an undercover officer on May 25, 2013, as reflected in the lab reports, including the report produced with the control number USAOEXP_000003. Specifically, she is expected to testify that the substance identified as marihuana is marihuana. Ms. Dalessio's curriculum vitae will be produced shortly.

---

[1] The Government reserves the right to supplement this notice with notice of additional expert witnesses and/or additional information concerning the witnesses disclosed herein.

### Ballistics/Firearms Testimony

**Jonathan Fox** is expected to testify regarding the ballistics analysis performed in connection with the three cartridge casings that were recovered from the July 26, 2015 shooting in front of 1055 University Avenue (the "Cartridge Casings"), as reflected in the ballistics report produced with control number USAO_00069. Specifically, Mr. Fox is expected to testify that the Cartridge Casings were discharged from the same gun, and that the Cartridge Casings were all .40 caliber casings. Mr. Fox's curriculum vitae is enclosed herewith.

ATF Special Agent **Jonathan Smith** is expected to testify regarding the Cartridge Casings, as reflected in the triggerlock nexus report produced with control numbers USAO_00070-00071. Specifically, Mr. Smith is expected to testify that the Cartridge Casings are ammunition as defined in Title 18, United States Code, Section 921 (a)(17)(A), and were manufactured outside of the state of New York. Mr. Smith's curriculum vitae is enclosed herewith.

**Salvatore LaCova** is expected to testify regarding the ballistics analysis performed in connection with buck shot recovered from the August 4, 2015 shooting at 950 Anderson Avenue in the Bronx, New York, as reflected in the report produced with control number USAO_00136. Specifically, Mr. LaCova is expected to testify that the buck shot recovered at the shooting is consistent with buck shot fired from a shotgun.

**Emilio Alvarado** is expected to testify regarding the analysis performed in connection with the gun and ammunition recovered from defendants Terrell Polk, Kevin Corbett, and Timothy at the time of their arrest on August 26, 2015, as reflected in the report produced with control number USAO_00030. Specifically, Mr. Alvarado is expected to testify that the gun and ammunition were found to be operable.

### DNA Analysis Testimony

The Government expects to call **Heather Nelson**, an analyst from OCME, or another similar witness. Ms. Nelson would provide testimony regarding the analysis of DNA samples obtained from evidence collected in connection with this investigation and prosecution, and the comparison of the DNA samples to the DNA of the defendants Terrell Polk, Timothy Smith, and Kevin Corbett. A copy of Ms. Nelson's reports and the associated case files have been provided to you (*see* control numbers USAO_00034-52, and USAO_00147-57), and a copy of her curriculum vitae is enclosed.

### Electronic Evidence Testimony

The Government also intends to elicit testimony from **Enrique Santos** from the U.S. Attorney's Office District Criminal Intelligence Unit regarding forensic searches and analyses of a Samsung cellular phone, seized in connection with the arrest of Terrell Polk, Kevin Corbett, and Timothy Smith on August 26, 2015. The Government may not seek to offer this witness as an expert witness, as the focus of his testimony will be on what he found on the cellphone, rather than any area of specialized knowledge on which he relied in conducting his examination. *See United States* v. *Berry*, 318 F. App'x 569, 569 (9th Cir. 2009) (agent's testimony not expert testimony where he "simply testified to what he found on the [defendant's] hard drive . . . , without expressing an opinion that required specialized knowledge or offering insight beyond

common understanding"); *United States* v. *Scott-Emuakpor*, 2000 WL 288443, at *12 (W.D. Mich. 2000) ("The question before the Court at this time is not whether these witnesses have the expertise, for example, to develop sophisticated software programs. The question is whether they have the skill to find out what is on a hard drive or a zip drive. Apparently, they have this skill because they determined what was on the drives. By analogy, a person need not be an expert on English literature in order to know how to read."). However, the Government is prepared to qualify this witness as an expert under Federal Rule of Evidence 702 in the event that it is deemed necessary to do so. A copy of Mr. Santos's resume is enclosed.

### Disclosure by the Defendants

The Government reiterates its prior requests for reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure and for notice under Rules 12.1, 12.2, and 12.3. Specifically, the Government requests that the defendants:

- Allow inspection and copying of: (1) any books, or copies or portions thereof, which are in either defendant's possession, custody or control, and which either defendant intends to introduce as evidence or otherwise rely on at trial; and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in either defendant's possession or control, and which either defendant intends to introduce as evidence or otherwise rely on at trial or which were prepared by a witness whom either defendant intends to call at trial.

- Disclose prior statements of witnesses either defendant will call to testify at trial. *See* Fed. R. Crim. P. 26.2; *United States* v. *Nobles*, 422 U.S. 225 (1975). We request that such material be provided on the same basis upon which we agree to supply the defendants with 3500 material relating to Government witnesses.

- Pursuant to Rule 16(b)(1)(C) provide notice regarding any expert witness that either defendant intends to rely upon, including a written summary of any testimony that either defendant intends to elicit under Rules 702, 703, or 705 of the Federal Rules of Evidence. Any such summary should include the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

Page 4

- Pursuant to Rules 12.1, 12.2, and 12.3, provide notice of any alibi defense, insanity defense, or public-authority defense that either defendant intends to rely upon in this case.


Very truly yours,

GEOFFREY S. BERMAN
United States Attorney

by: _____

Nicholas Folly
Michael Krouse
Max Nicholas
Assistant United States Attorneys
(212) 637-1060

Enclosures