I895polC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,                New York, N.Y.

            v.                           17 Cr. 649 (GBD)

TERRELL POLK,

                Defendant.

------------------------------x
                                         August 9, 2018
                                         10:35 a.m.

Before:

                    HON. GEORGE B. DANIELS,

                                         District Judge


                         APPEARANCES

GEOFFREY S. BERMAN
     United States Attorney for the
     Southern District of New York
BY:  NICHOLAS FOLLY
     Assistant United States Attorney

RICHARD B. LIND
     Attorney for Defendant
```

1               (Case called)

2               THE DEPUTY CLERK:  Good morning, counsel.  Will the
3     parties please rise and give their appearances for the record,
4     beginning with the government?

5               MR. FOLLY:  Good morning, your Honor.  Nicholas Folly
6     on behalf of the government.

7               THE COURT:  Good morning, Mr. Folly.

8               MR. LIND:  Good morning, Judge.  Richard Lind on
9     behalf of Terrell Polk.

10              THE COURT:  Good morning, Mr. Lind.

11              Mr. Lind, I received a letter from you.  Did you want
12    to be heard?  You can be seated.

13              MR. LIND:  Just very, very briefly, Judge.

14              I have had a discussion with Mr. Polk that became very
15    animated yesterday and he told me he wanted another attorney.
16    As I indicated in the letter, I think a part of it, maybe more
17    than half of it, would be related to the fact that the other
18    three defendants in the case have received plea offers which
19    two of them have already pled guilty, that is my understanding,
20    and the third one will be pleading next week and he has not
21    been given any plea offer.

22              THE COURT:  Okay.

23              MR. LIND:  And I think there are other factors which,
24    if we have to go into, Judge, I would request that the
25    government be excused so we can, so that I can talk more freely

1  about it and as a result of that, I think he wants a new
2  attorney because he doesn't trust me and he is facing an
3  inordinate amount of time if he is convicted here, Judge.  On I
4  think Count Two, the gun count, he is looking at 25 years.  He
5  has a prior 924(c) conviction on Count One, I think it is a
6  10-year minimum, so we are talking about the rest of his life
7  in jail, if he is convicted.
8         So, the stakes are very high here and I believe that
9  he should have not necessarily counsel of his choice because
10 this is a CJA matter, but someone in whom he has more -- a
11 better rapport and more confidence.
12         THE COURT:  Well, my position is this.  Unless the
13 government has a different position or agrees with your
14 position, we have a trial scheduled and a long-standing trial
15 that's been scheduled for September, scheduled for trial
16 September 10.  I do not intend to change that trial date.  I do
17 not intend to relieve you if this case is going to trial.
18 Either you will try the case or if he wants another lawyer to
19 try the case, then he can hire another lawyer if he can afford
20 to hire another lawyer.  It is too late at this point,
21 particularly based on what you said.  I don't have to say you
22 have no control over what the other defendants are offered by
23 the government and you have no control over what they decide to
24 do with their case.  Everybody makes their own decision about
25 their cases depending on their circumstance.

1           There is no reason for me to believe that you have not
2   fully, adequately represented Mr. Polk.  Mr. Polk is scheduled
3   for trial.  Trying to assign him a new lawyer at this point
4   would only delay that trial and I don't intend to delay that
5   trial.  What I am willing to do, the only thing that I am
6   willing to do at this point, is if Mr. Polk would like to
7   consult with another attorney, either with you or without you,
8   about his circumstance, I am perfectly willing to assign a
9   lawyer for that limited purpose.  I believe Mr. Montgomery is
10  on duty.
11          MR. MONTGOMERY:  Yes.  Good morning, your Honor.
12          THE COURT:  Good morning.  He is on duty today.
13          I am willing to do this:  Give Mr. Polk an opportunity
14  to sit down with Mr. Montgomery, with you and/or without you,
15  to discuss his circumstances and the choices that he has so he
16  can make an informed judgment about what he wants to do with
17  this case, and in fact I am willing to give him a week to
18  decide, to consult, and then my intention would be, still is, I
19  cleared the calendar, I have a jury panel ready, that we are
20  going to trial on September 10 if this case is going to trial.
21  If it is not going to trial, if there is a disposition, we will
22  do that in a week.  If there is no disposition then we are
23  going to stick with the firm trial date of September 10th.
24          I'm not going to relieve you, I think it is a unfair
25  to have some other lawyer come in here and unfair to try to

1  tell Mr. Polk to have a lawyer walk in here weeks before the
2  trial and try to get prepared to try this case.  You have been
3  fully working with him all of this time and we have been all
4  preparing for trial.
5          So, as I say, I will give him an opportunity to speak
6  with you and Mr. Montgomery, I am willing to adjourn the case
7  for a week to decide whether or not he wants to go to trial on
8  the 10th or he wants to do a disposition like the others next
9  week, and if we are going to trial then we are going to plan it
10 the way we already planned it, trial on September 10th, and
11 whatever happens with the trial is what happens with the trial.
12         MR. LIND:  Judge, I am not disagreeing with you.
13 Obviously, if I did disagree with you, it wouldn't make any
14 difference.  I am just -- I wanted to alert the Court to this
15 issue which I did, and I appreciate your Honor having picked up
16 on it right away and I believe that I have vigorously advocated
17 and I think your Honor could tell that from even the
18 suppression hearing that we had and that's the way I intend to
19 be in court but he is a client, he has certain rights.
20         THE COURT:  Sure.
21         MR. LIND:  And I understand your Honor is protecting
22 them.
23         THE COURT:  As I said, I am willing to let him consult
24 with Mr. Montgomery.  If Mr. Montgomery has a different view of
25 the case and he thinks he wants to tell him that he has a

Case 1:17-cr-00649-GBD   Document 89   Filed 09/14/18   Page 6 of 9      6
I895polC

different view and that something else can happen other than what we are doing, then he can consult with him and make an informed judgment by consulting with you and him and deciding what he wants to do. But, this is his case, it is not your case. Whatever the consequences are of a plea or guilty verdict after trial or even a not guilty verdict after a trial, those are consequences to him, not the lawyers. The lawyers move on to the next case ands this his life, he has to make a decision what he wants to do. But I am not going to, after having prepared for trial and having all the parties be ready for trial at this point in time, I am not going to delay this at this point like trying to ask a new lawyer to come in and try to get up to speed unless there is some lawyer that Mr. Polk knows that he wants to hire who says he is willing to come in here and try this case on September 10th instead of you.

    MR. LIND: Judge, just one matter. I have another hearing, bail hearing in front of Judge Gardephe and I have to leave right now.

    THE COURT: Sure.

    MR. LIND: Could Mr. Montgomery -- I don't know if Mr. Polk wants to talk to Mr. Montgomery outside my presence but I am going to be there until about, I would say about at least 12, 12:15. Could he not be brought back to the MCC?

    THE COURT: We can put him on the afternoon bus. I

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1   will ask the marshals to hold him until the afternoon bus so he

2   can consult with Mr. Montgomery and still have an opportunity

3   to consult with you when you have the time to do that, but I'm

4   going to give him a whole week it do this.  So, I am going to

5   adjourn to next week at 10:00, so to the extent that the

6   conversations continue beyond a day, he has a full opportunity

7   to consider his options and what he thinks is in his best

8   interest and we will reconvene at 10:00 on August 16th.

9            Mr. Folly, did you want to be heard on this issue?

10           MR. FOLLY:  Your Honor, the government's view is that

11  we agree with your Honor's decision.  We think this is fully

12  within your discretion and the issue that appears to be driving

13  Mr. Polk's dispute with his lawyer at the moment is that he

14  hasn't been made a plea offer.  As your Honor said on the

15  record, that's not within Mr. Lind's control, that's within the

16  government's control.

17           This trial date has been set for quite some time.

18  This case has been pending for nearly a year.  The government

19  is not presently intending to make a plea offer to Mr. Polk.

20  We are fully intent on proceeding trial on September 10th.

21           THE COURT:  All right.  So, we will adjourn for a

22  week.  I will let Mr. Polk consult further with Mr. Lind and

23  Mr. Montgomery and I will see all the parties at 10:00 and we

24  will see whether or not what Mr. Polk's decision is.

25           MR. MONTGOMERY:  Your Honor, I fully intend to speak

I895polC

1   to Mr. Polk while he is in the building today and, if
2   necessary, Friday and Saturday.  The only issue is I'm going to
3   be gone next week.  My wife forces me to go away with her and
4   spend some time.
5           THE COURT:  You have to report to a higher authority.
6   I understand that.
7           MR. MONTGOMERY:  Yes.
8           THE COURT:  That's fine.  I think as long as you have
9   a full conversation with Mr. Polk, if there is something,
10  Mr. Lind is still going to be Mr. Polk's lawyer for the trial
11  so if there is something else that we need you for then we can
12  contact you between now and the trial date.
13          MR. MONTGOMERY:  Thank you, your Honor.
14          THE COURT:  Otherwise, Mr. Lind will be here with his
15  client.
16          MR. LIND:  One matter that Mr. Polk brought up to me
17  Judge, very quickly?
18          THE COURT:  Yes.
19          MR. LIND:  Mr. Polk has an afternoon visit, is that
20  correct, at the MCC, so he does not want to be on the afternoon
21  bus.
22          MR. MONTGOMERY:  I will go over, your Honor, if that's
23  the point.
24          THE COURT:  So, don't hold him.  Like I say, you have
25  a week.

I895polC

1     MR. LIND:  I am just advising, your Honor.
2     THE COURT:  I will give him the full opportunity.  So,
3 take this full week to have a full, complete discussion about
4 this so Mr. Polk can make an informed judgment about his
5 circumstance.
6     MR. LIND:  One last matter, Judge.  We do have a
7 conference scheduled for a week from today at 10:00 a.m. so I
8 assume that conference is still on?
9     THE COURT:  That's when we are going to meet a week
10 from today, 10:00 a.m.
11     MR. LIND:  Thank you, Judge.
12     MR. MONTGOMERY:  Thank you, your Honor.
13     MR. FOLLY:  Thank you, your Honor.
14                           o0o