# THE LAW OFFICES OF SEAN M. MAHER, PLLC

February 19, 2020

**VIA ECF**

Honorable George B. Daniels
United States District Judge
United States District Court
U.S. Courthouse
500 Pearl Street
New York, NY 10007

RE:   *United States v. Terrel Polk*, **17 Cr. 649 (GBD)**
       **Sentencing submission on behalf of Terrell Polk**

Dear Judge Daniels:

      Under the law as it now stands, the Court is required to sentence Mr. Polk to a minimum term of 10 years' imprisonment on Count One to be followed by a mandatory consecutive sentence on the Count Three. The Probation Office asserts that the Count Three conviction for violating 18 U.S.C. § 924(c) should result in 25 years' imprisonment to run consecutively to the 10 years' imprisonment on Count One, for a total mandatory "minimum" sentence of 420 months' imprisonment.[1] The Probation Office's recommendation concerning Count Three should not be followed because Mr. Polk's 2007 conviction should not be considered a constitutionally-valid predicate § 924(c) conviction. Thus, the Court should impose a 10-year mandatory consecutive sentence on Count Three. Because any mandatory minimum sentence imposed by the Court would be years and years higher than a sentence that truly would be sufficient but not greater than necessary to meet the goals of federal sentencing, it is respectfully requested that the Court decline to impose any sentence higher than the mandatory minimum. For a man, such as Mr. Polk, who is 40 years old, such a sentence effectively is a life sentence.[2]

---

[1] The Probation Office's final imprisonment recommendation is 168 months on Counts One and Two to run concurrently with 120 months on Count Four, plus 25 years on Count Three not to run concurrently with the other counts, for a total of 468 months.

[2] Attached to this letter are four exhibits labeled A-D. Sensitive personal information is redacted from this publicly-filed submission and the attached exhibits in accordance with Rules 21.3 and 21.4 of the SDNY ECF Rules and Instructions.

# THE LAW OFFICES OF SEAN M. MAHER, PLLC

**1. Mr. Polk's life and unique circumstances warrant a mandatory minimum sentence.**

Mr. Polk was convicted after trial. The Court is aware of the evidence put forward at trial and it will not be recapped here, except to note that Mr. Polk filed a Rule 33 motion that is still pending before the Court.[3]

The charges for which Mr. Polk stands convicted are serious. Also serious are the factors that have led a young innocent boy to feel such abandonment and pain that he steadily turned to the streets for a semblance of community and self-worth, eventually becoming the man that now stands before the Court.

Mr. Polk was raised by his mother, Gwendolyn Polk, in the Bronx. His father, Jerome Smith, did not live with his family and rarely interacted with Mr. Polk. Jerome abused cocaine and alcohol, sold drugs, and was arrested repeatedly. Jerome did not provide any financial support to Gwendolyn or Mr. Polk. Mr. Polk's worst memory from childhood is remembering the absence of his father and how hard life was for his mother and him, as she tried to get by as a case worker on public assistance.

Mr. Polk's mother had children who were unrelated to Jerome. Her oldest child, Latoya Burgess, is a couple years older than Mr. Polk. Mr. Polk has two more step-sisters: Janeela Pickney, 26, and Kiara Davis, 19. Jeneela's father, Verdell Pickney, Jr., married Mr. Polk's mother when Mr. Polk was around 16 years old. Mr. Polk bonded with Verdell, who was a group home social worker, and saw Verdell as a father figure. Mr. Polk developed close relationships with Janeela's siblings, Shawney and Verdell III.

Mr. Polk had a hard time in school. In middle school, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇ He also began acting out in school. Starting in sixth grade, ▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Looking back on this time in his life, Mr. Polk feels that this was when he really felt the pain of not having his father in his life and the anger of being poor. By age 14, Mr. Polk was smoking marijuana daily, developing a 10-blunt-per-day dependency. Mr. Polk had turned to the streets for affirmation and support to make up for the absence of his father and the difficulties of growing up poor.

Unfortunately, the positive adult male influence that Mr. Polk experienced through Verdell came 16 years too late. Mr. Polk's first adult criminal case occurred when he was 16, and was followed by several arrests over the next 9 years.

At age 18, Mr. Polk fathered a son, Terrell, Jr., who is now 23. Although he was not able to live in the same household as his son, Mr. Polk did provide financial support for his son and has done his best to be a part of Terrell, Jr.'s life. Mr. Polk also has a 16-year-old daughter, ▇▇▇▇▇▇. Mr. Polk and ▇▇▇▇▇▇ mother, Yvonne Clarke, have a steady positive relationship.

---

[3] Doc. Nos. 158, 159 and 167.

# THE LAW OFFICES OF SEAN M. MAHER, PLLC

Page 3 of 4

Both Ms. Clarke and ▇▇▇▇ have visited Mr. Polk regularly while he has been detained at the MCC.

Mr. Polk has struggled with ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Mr. Polk never finished high school after dropping out of the William Howard Taft High School in 11th grade. Mr. Polk still hopes to earn his GED. Mr. Polk's career opportunities have been severely curtailed since his teenage years because of his prior convictions. He has been employed in various low-paying occupations, such as a commission-based salesman for the sight-seeing company CitySights NY, as a hotel housekeeper, and as a carpet cleaner.

**2.     The Court should decline to impose 25 years' imprisonment on Count Three.**

The Court should decline to impose a 25-year sentence on Count Three and should instead impose a sentence of 10 years on Count Three.

In 2007 Mr. Polk pleaded guilty to one count of violating 18 U.S.C. § 924(c)(1)(A)(ii).[4] The § 924(c) conviction in 2007 was predicated on a substantive Hobbs Act robbery offense.

The constitutionality of applying sentencing enhancements based upon "crimes of violence" has been the subject of widespread litigation and ever-more refined definitions promulgated by the Supreme Court, Circuit Courts, and District Courts.[5]

Mr. Polk recognizes that the Second Circuit currently considers substantive Hobbs Act robbery to be a crime of violence under 18 U.S.C. § 924(c)(3)(A).[6] The Supreme Court, however, has yet to consider whether it is constitutionally permissible for substantive Hobbs Act robbery to serve as a predicate "crime of violence" under 18 U.S.C. § 924(c)(3)(A).[7]

This Court should find that Hobbs Act robbery categorically fails to constitute a crime of violence under § 924(c) because it can be committed without the "use, attempted use, or

---

[4] Exhibit A (Judgment, Doc. No. 27, 06 Cr. 70 (GBD)) and Exhibit B (Information, Doc. No. 14, 06 Cr. 70 (GBD)); *see* Docket Entry 27, 2/7/2007, and Minute Entry of 10/25/2006, 06 Cr. 70 (GBD).

[5] *See, e.g., United States v. Davis*, 139 S. Ct. 2319, 2325-2332 (2019)(surveying history of Supreme Court jurisprudence concerning the meaning of "crime of violence").

[6] *United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019)(vacating § 924(c) conviction predicated upon Hobbs Act conspiracy, but affirming § 924(c) conviction predicated upon substantive Hobbs Act offense); *United States v. Hill*, 890 F.3d 51, 53, 60 (2d Cir. 2018).

[7] *Cf. Stokeling v. United States*, 139 S. Ct. 544, 550 (2019)(holding that "robbery offenses that require the criminal to overcome the victim's resistance" are categorically violent felonies under the ACCA).

THE LAW OFFICES OF SEAN M. MAHER, PLLC

threatened use of physical force"[8] and because the offense can be committed by causing fear of future injury to property, which does not require "physical force" within the meaning of § 924(c)(3)(A).[9]

### 3. Mr. Polk's recent behavior at the MCC weighs towards the imposition of a mandatory minimum sentence.

Mr. Polk has tried to avail himself of the limited programming available at the MCC. Last June Mr. Polk completed the Lead by Example program.[10] Mr. Polk recently entered into a substance abuse prevention program at the MCC, but has not completed the program.

Mr. Polk has retained strong ties with his family while detained. He enjoys regular visits and phone calls with his family. He has not given up on them, and they have not given up on him. "Terrell Polk," writes his daughter ▇▇▇▇▇▇▇, is an "honorable man, magnificent father and worthy friend and I'm so proud to call him my father."[11]

Because of the inflexibility of the sentencing laws concerning Counts One and Three, whatever sentence the Court imposes will likely result in Mr. Polk living behind prison walls for the rest of his natural life. It is requested that the Court impose the mandatory minimum sentence in the hope that, against the odds, Mr. Polk may outlive the sentence and someday be free with his family for even a brief amount of time.

Respectfully submitted,

_____/S/_____
Sean M. Maher
*Counsel for Terrell Polk*

cc:   AUSAs Michael Krouse and Nicholas Folly via ECF

---

[8] 18 U.S.C. § 924(c)(3)(A); *see Johnson v. United States*, 559 U.S. 133 (2010); *cf. Hill*, 890 F.3d at 57-60.

[9] *United States v. Chea*, 2019 WL 5061085, Oct. 2, 2019, Case Nos. 98-cr-20005-1 CW, 98-cr-40003-2 CW (N.D. Cal. 2019); *Johnson*, 559 U.S. at 140 (evaluating a predicate offense under the elements clause of the ACCA, which defines "violent felony" in language similar to the elements clause of § 923(c)(3), and holding that the "physical force" used must be "violent force – that is, force capable of causing physical pain or injury to another person").

[10] *See* Certificate of Completion, attached as Exhibit C.

[11] Letter of ▇▇▇▇▇▇▇▇, attached as Exhibit D.