UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
                                              :

UNITED STATES OF AMERICA,
                                              :

       -against-                                          MEMORANDUM DECISION
                                              :            AND ORDER

TERRELL POLK,
                                              :

             Defendant.                   :            17 Cr. 649-001 (GBD)

------------------------------------- x

GEORGE B. DANIELS, United States District Judge:

Defendant Terrell Polk moves to reduce his sentence on compassionate release grounds pursuant to 18 U.S.C. § 3582(c)(1)(A). (*See* Letter Requesting Compassionate Release ("Letter"), ECF No. 216.) Polk states that, in 2023, he was diagnosed with cancer and hospitalized for about nine months. (*Id.*) Additionally, Polk asserts that he is awaiting a bone marrow transplant, and that his chemotherapy treatment has compromised his immune system and "places [him] at a very high risk of contracting COVID-19 or any other disease because of [his] environment." (*Id.*) The Government opposes Polk's motion, arguing that the Title 18, United States Code, Section 3553(a) factors do not warrant a reduction of sentence. (Gov't Response to Letter ("Opp."), ECF No. 217.) Polk's motion for a reduction of sentence is DENIED.

## I.    FACTUAL BACKGROUND

Polk was arrested and charged in a four-defendant drug trafficking conspiracy. (Presentence Investigation Report ("PSR") ¶¶ 13, 16.) Polk and his co-defendants ran a Bronx-based narcotics distribution crew. (PSR ¶ 13.) The four defendants operated mainly from and around a building located at 1055 University Avenue in the Bronx, where they collectively sold crack cocaine and marijuana. (*Id.*) Polk sold crack cocaine and acted as "muscle for the drug

1

crew." (*Id.*) In addition to drug sales, the defendants shared several firearms, including a shotgun, a revolver, and two .40 caliber handguns, possessing them at various times in connection with their drug trafficking activities. (*Id.* at ¶ 14.) As part of the crew, Polk was involved in the shootings of three victims in two separate incidents. (*Id.* at ¶ 14-15.)

Polk was indicted on four counts: (1) conspiracy to distribute and possess with intent to distribute crack cocaine and marijuana, in violation of 21 U.S.C. §§ 846, 841(b)(1); (2) possession with intent to distribute crack cocaine and marijuana, in violation of 21 U.S.C. § 841(b)(1)(C); (3) using, carrying, and possessing a firearm, which was discharged, in relation to a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i)–(iii); and (4) being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). (Superseding Indictment, S1, 17 Cr. 649, ECF No. 67.)

On September 13, 2018, after a four-day trial, a jury convicted Polk on all four counts. (Sept. 13, 2018 Minute Entry.) He was sentenced to ten years of imprisonment on each of Counts One, Two, and Four, to be served concurrently. (Judgment, No. 17 Cr. 649 (GBD) ("2020 Judgment"), ECF No. 171, at 3.) Polk was also sentenced to a consecutive twenty-five years of imprisonment on Count Three, the § 924(c) violation, in accordance with the mandatory minimum sentence for a defendant with a previous conviction under the statute. (*Id.*); 18 U.S.C. § 924(c)(1)(C)(i).

After this Court denied Polk's two post-trial motions, Polk appealed his convictions to the United States Court of Appeals for the Second Circuit on March 10, 2020. (*See* Memorandum Decision and Order, ECF No. 128; Memorandum Decision and Order, ECF No. 170; Notice of Appeal, ECF No. 172.) On appeal, Polk argued that (1) the jury did not have sufficient evidence to find him guilty on Counts One, Three, and Four, and (2) he was entitled to a new trial because

2

the government witness later revealed that he had previously murdered someone and lied about it at trial. (*See generally* Brief for Defendant-Appellant, 2d Cir. Case No. 20-864, ECF No. 39.)

While his appeal was pending, the United States Supreme Court issued its decision in *United States v. Taylor,* 596 U.S. 845 (2022). In *Taylor*, the Court held that an attempted robbery under the Hobbs Act does not constitute a crime of violence under § 924(c) because the government is not required to prove the use, attempted use, or threatened use of force to obtain a conviction for an attempted robbery. (*Id*. at 860). On March 27, 2023, the Second Circuit affirmed Polk's convictions and upheld this Court's denial of his motion for new trial. (Mandate of USCA, ECF No. 190, at 1-2.)

On June 21, 2024, Polk petitioned this Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Motion to Vacate ("Petition"), ECF No. 200, at 17.) In the Petition, Polk argued that his 2007 § 924(c) conviction was not based on the commission of a crime of violence. (*Id.* at 15-16). He asserted that, because he was never convicted of a completed Hobbs Act robbery, the Supreme Court's decision in *Taylor* meant that his 2007 § 924(c) conviction was not predicated on a crime of violence. (*Id.*) Since his § 924(c) conviction was effectively invalid, Polk argued, his 2020 § 924(c) conviction should have carried with it a mandatory minimum sentence of ten years, not twenty-five years. (*Id.* at 16.) Because this argument was available to Polk on direct appeal and he did not raise it, Polk procedurally defaulted on his claim. (Memorandum Decision and Order, ECF No. 206, at 1-2). Accordingly, his petition was denied. (*Id.*) During his term of imprisonment, Polk was sanctioned for assault without serious injury on June 25, 2018. (PSR ¶ 12.) He received fifty-seven days of disciplinary segregation, and his

3

personal property was impounded for ninety days. (*Id.*)

## II. LEGAL STANDARD

Save for limited exceptions, a district court "may not modify a term of imprisonment once it has been imposed . . . ." 18 U.S.C. § 3582(c). One such exception is provided in 18 U.S.C. § 3582(c)(1)(A)(i), often called the "compassionate release" statute, which, following an amendment by the First Step Act in 2018, now empowers a defendant to bring his own motion requesting a reduced sentence. *See, e.g., United States v. Rivera-Rios*, No. 20-1773, 2022 WL 14206094 at *2 (2d Cir. Oct. 25, 2022); *United States v. Brooker*, 976 F.3d 228, 233 (2d Cir. 2020).

A court may reduce a term of imprisonment pursuant to the compassionate release statute if it finds that (1) the defendant's circumstances present extraordinary and compelling reasons to warrant a reduction, (2) the factors prescribed in 18 U.S.C. § 3553(a) do not outweigh such extraordinary and compelling reasons, and (3) a reduction would be consistent with the relevant policy statements of the Sentencing Commission, i.e., the policy statement in U.S. Sentencing Guidelines Manual § 1B1.13 ("Policy Statement 1B1.13."). 18 U.S.C. § 3582(c); *see also United States v. Seabrook*, No. 16 Cr. 467 (AKH), 2023 WL 2207585, at *2–3 (S.D.N.Y. Feb. 23, 2023).

## III. A REDUCTION OF SENTENCE IS NOT WARRANTED

### A. Polk Has Not Demonstrated Extraordinary and Compelling Reasons to Warrant a Sentence Reduction

Policy Statement 1B1.13(b)(1)(A) notes that extraordinary and compelling reasons may exist due to the medical circumstances of the Defendant, which includes "suffering from a terminal illness." Polk states that his 2023 cancer diagnosis, pending bone marrow transplant, and chemotherapy has placed him at high risk for contracting COVID-19 or other diseases in his environment. (Letter at 1.) Polk's medical records indicate a significant medical diagnosis, but

4

they do not reflect a terminal illness diagnosis. (Opp. at 4.) The Bureau of Prisons' ("BOP") records acknowledge Polk's Acute Myeloid Leukemia ("AML") diagnosis. (*Id.*) The BOP records also indicate that (1) Polk is in complete remission after receiving chemotherapy and other treatment for AML and (2) Polk receives regular in-person evaluations by medical professionals. (Opp. at 4-5.)

Polk does not offer any argument or evidence that he is receiving inadequate care from the BOP. To the contrary, BOP records indicate that he is receiving regular and comprehensive care. (*Id.*; *See also United States v. Madoff,* 465 F. Supp. 3d 343, 350-51 (S.D.N.Y. 2020) (noting that defendant was able to receive care for end stage renal disease during sentence)). Polk has therefore failed to establish extraordinary and compelling circumstances warranting a sentence reduction under Section 1B1.13(b)(1)(A).

### B. A Sentence Reduction is Inconsistent with Policy Statement 1B1.13

Policy Statement 1B1.13 requires this Court to determine that Polk "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(2). Given the serious and violent nature of his prior conduct, Polk's subsequent behavior does not support a determination that his early release would pose no danger to the safety of others or the community. During his term of imprisonment, Polk has been sanctioned for assault without serious injury. (PSR ¶ 12.) He received fifty-seven days of disciplinary segregation, and his personal property was impounded for ninety days. (*Id.*) Such conduct weighs against Polk's early release under Policy Statement 1B1.13.

### C. The Section 3553(a) Factors Weigh Against a Sentence Reduction

Even if Polk had established extraordinary and compelling reasons warranting his release—which he has not—the Section 3553(a) factors weigh against a sentence reduction. Here,

5

Polk's conduct can only be characterized as serious and undeterred. Polk was involved in a violent drug trafficking organization, serving as "muscle" for that crew. (PSR ¶ 13, 15.) The members of the organization, including Polk, shared several firearms, including a shotgun, a revolver, and two .40 caliber handguns. (PSR ¶ 13.) As part of the crew, Polk was involved in the shootings of three victims in two separate incidents. (PSR ¶¶ 14-15.)

Prior to these shootings, Polk had previously been convicted of a violent felony and served an 84-month prison term. (PSR ¶¶ 17, 56.) After Polk was released from custody and placed on supervised release, the U.S. Probation Office's Special Operations Response Team, accompanied by NYPD, lawfully searched Polk's residence and seized 34 twist bags of crack cocaine, causing his subsequent arrest and detainment for violating his supervised release. (PSR ¶ 17.) Polk violated his supervised release for a previous conviction and was not deterred from further use of firearms, as demonstrated by the shootings that occurred in the instant case. Given the record, the nature and circumstances of the offense, and Polk's conduct during his term of imprisonment, no sentence reduction is warranted.

## IV. CONCLUSION

Polk's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is DENIED.

The Clerk of Court is directed to close the motion at ECF No. 216 accordingly.

Dated: OCT 0 6 2025
New York, New York

SO ORDERED.

_____
GEORGE B. DANIELS
United States District Judge